IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COREY R. BOWERS, | : |
| Plaintiff, | : : : |
| v. | : Civil Action No. 21-1275-VAC |
| DELAWARE BOARD OF PAROLE OFFICE MANAGER, et al., | : : : : |
| Defendants. | : |

Corey R. Bowers, James T. Vaughn Correctional Center, Smyrna, Delaware.
Pro Se Plaintiff.

**MEMORANDUM OPINION**

May 11, 2022
Wilmington, Delaware

/s/ Richard G. Andrews
**ANDREWS, U.S. District Judge:**

Plaintiff Corey R. Bowers, an inmate at James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 3). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis.* (D.I. 5). The Court proceeds to screen the Complaint and its supplement pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a).

## BACKGROUND

Plaintiff alleges violations of his right to due process in relation to his 11 Del. C. § 4217 application. Plaintiff alleges that his counsel at SCI Chester prison submitted his initial § 4217 application on October 25, 2020. (D.I. 3 at 5). Plaintiff did not receive an acknowledge of receipt. (*Id*.). Section 4217 permits sentence modification if the Department of Correction files an application for good cause shown and certifies that release of the offender does not constitute a substantial risk to the community or the defendant's own person. See 11 Del. C. § 4217. Plaintiff wrote to the Prison Bureau, the Board of Parole, and the Delaware Supreme Court. The Delaware Supreme Court deemed the claim "non-valid" as it was "not an appeal based and/or of a judge's sentence." (D.I. 3 at 6).

Plaintiff alleges that one reason provided by Superior Court Judge LeGrow for the denial Plaintiff's motion/application is that the Superior Court can only consider a § 4217 application if recommended by the majority of the Board of Parole. (*Id*. at 7).

1

Plaintiff seeks an unbiased majority vote from the Board of Parole or the Federal Court determining approval or denial of his § 4217 application. (*Id*. at 6-7).

Plaintiff asks this Court to enter a ruling to allow him to by-pass the Board of Parole and expedite his § 4217 application by submitting it directly to his sentencing judge. (*Id*. at 7-8). Section 4217 provides that Plaintiff is allowed to submit his application to the Board of Parole once a year. (*Id*. at 7) Plaintiff also asks for immediate resentencing/review with Judge LeGrow, his sentencing judge. (D.I. 9 at 2).

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94.

2

A complaint is not automatically frivolous because it fails to state a claim.  *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020).   "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'"  *Id*.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions.  *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).  However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions.  *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  A plaintiff must plead facts sufficient to show that a claim has substantive plausibility.  *See Johnson v. City of Shelby*, 574 U.S. 10 (2014).  A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted.  *See id*. at 11.

A court reviewing the sufficiency of a complaint must take three steps:  (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth;

3

and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

Plaintiff asks the Court to enter an order to allow him to by-pass the Board of Parole and expedite a § 4217 application directly to his sentencing judge. Section 4217 provides that:

> (a) In any case where the trial court has imposed an aggregate sentence of incarceration at Level V in excess of 1 year, the court shall retain jurisdiction to modify the sentence to reduce the level of custody or time to be served under the provisions of this section.
> (b) The court may modify the sentence solely on the basis of an application filed by the Department of Correction for good cause shown which certifies that the release of the defendant shall not constitute a substantial risk to the community or the defendant's own self.
> (c) Good cause under this section shall include, but not be limited to, rehabilitation of the offender, serious medical illness or infirmity of the offender and prison overcrowding.
> (d)     (1) Any application filed by the Department of Correction under this section shall be filed with the Board of Parole. The Board of Parole shall have the authority to promulgate reasonable regulations concerning the form and content of said applications. The Board of Parole may require the Department of Correction to provide it with any information in the possession of the Department reasonably necessary for the Board to assess such applications.
>          (2) Following the receipt of any application for modification filed by the Department of Corrections which conforms with any regulations and

> requirements of the Board of Parole promulgated pursuant to paragraph (d)(1) of this section, the Board of Parole shall hold a hearing under the provisions of § 4350(a) of this title for the purpose of making a recommendation to the trial court as to the approval or disapproval of the application. . . .
> (3) Following the hearing described in paragraph (d)(2) of this section, the Board of Parole may reject an application for modification if it determines that the defendant constitutes a substantial risk to the community, or if it determines that the application is not based on good cause. Notwithstanding any provisions of this section to the contrary, any application rejected pursuant to this paragraph shall not be forwarded to the Superior Court, and any offender who is the subject of such rejected application shall not be the subject of a subsequent application for modification for at least 1 year, except in the case of serious medical illness or infirmity of said offender.
> (4) Only in those cases where the Board by a majority vote recommends a modification of the sentence shall the application be submitted to the Court for consideration.
> (e) Upon receipt of the recommendation of the Board of Parole, the court may in its discretion grant or deny the application for modification of sentence. The Court may request additional information, but need not hold further hearings on the application. The Court shall not act upon the application without first providing the Attorney General's office with a reasonable period of time to be heard on the matter. Should the Court deny the application because of a determination that the defendant constitutes a substantial risk to the community, or because it determines that the application lacks good cause, the defendant who is the subject of the denied application shall not be the subject of a subsequent application for modification for at least 1 year, except in the case of serious medical illness or infirmity of the defendant.

Although states have no obligation to provide post-conviction relief such as a motion for reduction of sentence, when they do, due process requires that the procedures comport with fundamental fairness. *See Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987). Accordingly, for procedures in seeking a reduction of sentence to violate due process, they "must offend some principle of justice so rooted in the traditions and conscience of our people to be ranked as fundamental or they must

5

transgress a recognized principle of fundamental fairness in operation." *Medina v. California*, 505 U.S. 437, 446 (1992)). "Federal courts may upset a State's postconviction relief procedures only if they are fundamentally inadequate to vindicate the substantive rights provided" by state statute. *Id.*

The procedures in applying for a reduction in sentence do not appear to be patently inadequately. Nor does Plaintiff's complaint allege how they are constitutionally insufficient. Rather, Plaintiff seeks to streamline the procedure and by-pass the Board of Parole in derogation of 11 Del. C. § 4217 and submit his § 4217 application directly to the sentencing judge, a procedure not provided for in the statute. As alleged, the Complaint fails to state a claim upon which relief may be granted. Therefore, the Complaint will be dismissed.

## CONCLUSION

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). The Court finds amendment futile.

An appropriate Order will be entered.