IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COREY R. BOWERS, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civ. No. 21-1275-GBW |
| | : |
| DELAWARE BOARD OF PAROLE | : |
| OFFICE MANAGER, et al., | : |
| | : |
| Defendants. | : |

## MEMORANDUM

Plaintiff Corey R. Bowers, an inmate at James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 3) On May 11, 2022, the Court dismissed the action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). Before the Court are Plaintiff's letter/motion for reconsideration (D.I. 14) and motion for an amicable resolution (D.I. 19).

Plaintiff moves for reconsideration on the grounds that the Court did not review his case in the proper light, and he needs the federal court to do the Board of Parole's job. (D.I. 14 at 1) Plaintiff's motion for an amicable resolution seeks a court date/appearance before Plaintiff's sentencing judge for a resentencing/ sentence review in the Superior Court of the State of Delaware in and for New Castle County. (D.I. 19)

1

The standard for obtaining relief under Rule 59(e) is difficult for Plaintiff to meet. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

Plaintiff seems to argue that the Court misunderstood his claims. The Court has reviewed Plaintiff's complaint, the applicable law, and the Court's Memorandum Opinion and Order dismissing the case. (*See* D.I. 12, 13) There is no error, and Plaintiff has provided no grounds that warrant reconsideration.

Upon review of the filings in the case, the Court concludes that Plaintiff has failed to demonstrate any of the necessary grounds to warrant a reconsideration of the Court's May 11, 2022 Memorandum Opinion and Order. Therefore, the motion for reconsideration will be denied. (D.I. 14) In addition, the Plaintiff's motion for an amicable resolution will be denied. (D.I. 19) The Court does not have the power to grant the relief Plaintiff requests.

An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

November 17, 2022
Wilmington, Delaware